UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA,<br><br>            Petitioner,<br><br>    v.<br><br>D. DAVEY,<br><br>            Respondent. | No. 2:18-cv-03240 KJM GGH P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

      Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

      Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

      The court's records reveal that petitioner has previously filed an application for a writ of habeas corpus attacking the conviction and sentence challenged in this case. The previous application was filed on February 27, 2012, and was denied on the merits on April 1, 2016. See Herrera v. Gipson, No. 2:12-CV-00508 DAD, 2016 WL 1267701 (E.D. Cal. Apr. 1, 2016). Before petitioner can proceed with the instant application, he must move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider the

1

application. 28 U.S.C. § 2244(b)(3). Therefore, petitioner's application must be dismissed without prejudice to its re-filing upon obtaining authorization from the United States Court of Appeals for the Ninth Circuit.

To the extent petitioner asserts that he is challenging the outcome of the previous *federal* case by making a claim for ineffective assistance of counsel in the *federal* habeas proceedings, no claim for ineffective assistance of counsel in collateral habeas proceedings exists. See Wainwright v. Torna, 455 U.S. 586 (1982). Petitioner cannot simply try a backdoor method to have the court review once again his previous state habeas claims.

In accordance with the above, IT IS HEREBY ORDERED that petitioner's application to proceed in forma pauperis (ECF No. 7) is granted; and

IT IS RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 19, 2019

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE